**Paul AKA, Petitioner,**

v.

**Michael B. MUKASEY, Respondent.**

**No. 07–5796–ag.**

United States Court of Appeals, Second Circuit.

Dec. 2, 2008.

Harry A. Demell, New York, N.Y., for Petitioner.

Jessica E. Sherman, Office of Immigration Litigation (Michelle Gorden Latour, Assistant Director, Office of Immigration Litigation, on the brief), for Gregory G. Katsas, Acting Assistant Attorney General, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. WALKER, Hon. GUIDO CALABRESI, Circuit Judges.

## SUMMARY ORDER

Paul Aka, a native and citizen of Cameroon, challenges a final order of the BIA denying his motion to remand and dismissing his appeal from the immigration judge's ("IJ's") denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture. The BIA dismissed Aka's appeal because he failed to file a brief and his short notice of appeal "fail[ed] to specify the reasons for the appeal," as required by 8 C.F.R. § 1003.1(d)(2)(i)(A).

The requirement that aliens specify the grounds of their appeals from IJ decisions is codified at 8 C.F.R. § 1003.3(b), which states in relevant part:

> Statement of the basis of appeal. The party taking the appeal must identify the reasons for the appeal in the Notice of Appeal (Form EOIR–26 or Form EOIR–29) or in any attachments thereto, in order to avoid summary dismissal pursuant to § 1003.1(d)(2)(i). The statement must specifically identify the findings of fact, the conclusions of law, or both, that are being challenged. If a question of law is presented, supporting authority must be cited. If the dispute is over the findings of fact, the specific facts contested must be identified. Where the appeal concerns discretionary relief, the appellant must state whether the alleged error relates to statutory grounds of eligibility or to the exercise of discretion and must identify the specific factual and legal finding or findings that are being challenged.

Aka filed a one paragraph Notice of Appeal, which failed to identify reasons for his appeal, and indicated that he would later file a brief explaining his reasons in more detail. He failed to do so, and the BIA dismissed his appeal in accordance with 8 C.F.R. § 1003.1(d)(2)(i).

Although our Court has not yet articulated a standard of review for summary dismissals under 8 C.F.R. § 1003.1(d)(2)(i), we need not—and therefore do not—do so here. No matter what standard of review we apply, the BIA did not err in dismissing Aka's appeal and refusing to consider the IJ's opinion, because Aka failed to identify the issues he wished to raise on appeal, as required by the regulations. We therefore DENY the petition for re-

1. Because Aka does not challenge the BIA's rejection of his motion to remand, he has waived review of that determination. *See Gui*

*Yin Liu v. INS,* 508 F.3d 716, 723 n. 6 (2d Cir.2007) (citing 8 U.S.C. § 1252(d)(1)).